435 A.2d 221

**Rose P. STUMP**

v.

**Charles E. STUMP, Appellant.**

Superior Court of Pennsylvania.

Argued June 22, 1981.

Filed Sept. 25, 1981.

Arthur L. Goldberg, Harrisburg, for appellant.

Jeffrey A. Ernico, Harrisburg, for appellee.

Before PRICE, JOHNSON and SHERTZ, JJ.

SHERTZ, Judge:

This is an appeal from an Order of support directing Appellant husband to make payment of seventy dollars per week, and of one-half the dividends on certain stock, to Appellee wife. Appellant contends that Appellee has failed to meet her burden of proving support entitlement inasmuch as no testimony justifying the entry of such an order was presented in the court below. We agree.

The pertinent facts of this case may be summarized briefly. Sometime after leaving the marital residence, Appellee filed for support. During a conference, held in the Dauphin County Domestic Relations Office, the parties were unable to arrive at an agreement as to support.[1]

On May 5, 1980, the parties appeared before the Court of Common Pleas, but no testimony was taken. Instead, counsel for each side briefly stated his respective position. In so

1. At that time counsel for Appellant indicated that Appellee had left the marital residence without justification and, therefore, she was

doing, *counsel for Appellee* indicated that "she (Appellee) left home under very strange circumstances" (N.T.4). The lower court, at that point, informed counsel it "did not want to get into that." (N.T.4). At the conclusion of these "proceedings" the lower court entered the Order which is the subject of this appeal. In its opinion, the lower court stated that its decision was based solely upon the wage differential of the parties.

Appellant then filed this appeal contending Appellee had not proved any entitlement to support. Appellee countered that Appellant had waived any objection to the decision of the lower court by not filing exceptions pursuant to Rule 1038(d), Pa.R.Civ.P.

■ It is well-settled that "a wife seeking support has the burden of establishing that her husband consented to the separation or that her husband's conduct justified her leaving the marital home." *Kurpiewski v. Kurpiewski*, 254 Pa.Super. 489, 386 A.2d 55 (1978).

■ In the instant case there is *no testimony* which addresses, or seeks to justify or to explain, why Appellee left the marital residence. Consequently there is no record available which can demonstrate whether support is in order. In fact, the lower court refused to consider this issue.[2] Rather, the court chose to enter an Order based on "the wage differential alone," (Trial Court Slip Op. at 1), which differential, however, was never, in fact, established.

In matters of support:

not entitled to support. Appellant was then informed liability for support was a matter which would have to be determined by the courts. (Brief for Appellant at 4–5). When the matter came before the lower court, Appellant requested copies of the work sheets from the Domestic Relations conference, which sheets would have reflected his objections to support from the start. This request was denied (Brief for Appellant at 7).

2. In his brief, Appellant indicates this is standard practice in Dauphin County where "large numbers of cases are called ... are quickly administered and disposed of, and it is only in the rarest of instances in which testimony is taken." (Brief for Appellant at 14). Such a practice is unacceptable in those instances where, as here, the right to support is being disputed.

Our appellate review of the record will extend only to a determination of whether there is sufficient evidence to sustain the Order entered. "It has been repeatedly stated that, in a support proceeding, we will not interfere with the determination of the lower court unless there has been a clear abuse of discretion."

*Loosley v. Loosley,* 236 Pa.Super. 389, 345 A.2d 721 (1975) (citation omitted). Since the record here is devoid of any evidence to sustain the Order, its entry constituted a clear abuse of discretion.

■ We reject Appellee's contention that Appellant waived any and all objections to the Order by failing to file exceptions thereto pursuant to Rule 1038(d), Pa.R.Civ.P.[3] The Rule, by its very terms, applies to actions which have been *tried* without a jury:[4]

Except as otherwise provided in this rule, the trial of an action ... by a judge sitting without a jury, shall be conducted as nearly as may be as a trial by jury is conducted and the parties shall have like rights and privileges...

Rule 1038(a), Pa.R.Civ.P. Although the Rule does not delineate the precise procedure to be followed in non-jury trials, one noted commentary on Pennsylvania practice, in explaining the Rule, has stated:

3. Until the promulgation of § 2043.35(f) of the Pennsylvania Civil Procedural Support Law, Pa.Stat.Ann. tit. 62, § 2043.35(f) (Purdon), which provided that an action for support be "a civil action in accordance with the Rules of Civil Procedure," the filing of exceptions to a support order was improper. *See e. g., Commonwealth v. McAlaine,* 193 Pa.Super. 27, 163 A.2d 711 (1960). Most recently, the Supreme Court of Pennsylvania, in adopting rules governing actions for support, has done away with the filing of exceptions in matters of support. *See, Rule 1910.11(k)* and *Comment,* Rules of Civil Procedure Governing Actions for Support (effective 7/23/81).

4. We note that in *Paul v. Paul,* 281 Pa.Super. 201, 421 A.2d 1219 (1980), this Court stated by way of dictum, [*Commonwealth v. Almeida,* 362 Pa. 596, 603, 68 A.2d 595, 599 (1949)], that the filing of exceptions to a support order is necessary. In *Paul,* however, the Court had before it an evidentiary record which had been developed at several hearings.

... the trial will open with an opening statement by counsel and the customary colloquy between counsel and the court about the pleadings, the issues, the pretrial order if any, and the possibility of stipulations. Witnesses will be called and examined, documents will be introduced, objections will be noted of record, and a stenographic record will be kept, just as in the case of jury trial.

2 *Goodrich Amram* 2d § 1038(a): 1, *See also, Cherniak v. Prudential Ins. Co. of America*, 339 Pa. 73, 14 A.2d 334 (1940) (trial defined); *Lloyd & Elliot v. Lang*, 118 Pa.Super. 190, 180 A. 74 (1935) (judge, trying a case without a jury, cannot make finding of fact which jury would not be permitted to make); *Trans World Airlines, Inc. v. City of Philadelphia, Commission of Human Relations*, 44 Pa.Cmwlth. 341, 403 A.2d 1057 (1979) (resolution of a matter before a judicial tribunal requires ascertainment of the facts, of the applicable law, and application of law to the facts). In the instant case there was no trial. Consequently, Rule 1038 is inapplicable.

Order vacated and case remanded with directions that the lower court hold an evidentiary hearing to determine whether support is warranted and, if so, the amount thereof. This court does not retain jurisdiction in this matter.

PRICE, J., did not participate in the decision of this case.