435 A.2d 899

**Barbara SCHINDLER, Appellant,**

v.

**Marlin D. KENLEY.**

Superior Court of Pennsylvania.

Argued June 23, 1981.

Filed Oct. 9, 1981.

John J. Krafsig, Jr., Harrisburg, for appellant.

Lawrence J. Neary, Harrisburg, submitted a brief on behalf of appellee.

Before PRICE, JOHNSON and SHERTZ, JJ.

PER CURIAM:

This is an appeal from an Order modifying support. It directs Appellee father to pay $17.50 per week for the support of his three-year-old son. This amount represents an increase of $2.50 per week. Appellant mother argues the lower court has abused its discretion. We agree, and we therefore reverse.

The record in this matter reveals there was no evidentiary hearing in the court below. Contained in the "notes of testimony" are the brief arguments of respective counsel. With these arguments as the sole "evidentiary record," the lower court entered the present Order.

As recently reiterated by this Court:

"To reduce or modify an existing order there must be a change of circumstances and the burden is on the one who asserts the change to prove it by competent and sufficient evidence. Our duty on review is to determine whether the

evidence supports the hearing judge's order and whether there has been an abuse of discretion." *Dugery v. Dugery,* 276 Pa.Super. 51, 419 A.2d 90 (1980).

In the instant case we find there has been an abuse of discretion in that the lower court had before it *no* evidence warranting *any* modification of support.[1] See also *Stump v. Stump,* 291 Pa.Super. 65, 435 A.2d 221, (Pa.Super.Ct.).

For the foregoing reasons, we reverse and remand with directions that the lower court hold an evidentiary hearing to determine if a modification of support is warranted. This Court does not retain jurisdiction in this matter.

PRICE, J., did not participate in the consideration or decision of this case.

---

[1] Although we recognize the problem of crowded dockets, we cannot review, and therefore will not allow, the entry of such an Order without an evidentiary hearing.