Commonwealth ex rel. Kozlowski, Appellant, *v.*
Kozlowski.

Argued April 12, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Daniel T. Zamos,* for appellant.

*Clyde P. Bailey,* for appellee.

OPINION BY ROSS, J., July 13, 1954:

This is a desertion and non-support proceeding wherein an order against Edward Kozlowski for the support of his two minor children was reduced by the County Court of Allegheny County. From that order Rosalie Kozlowski, mother of the children, has appealed to this Court.

On September 27, 1951, after a hearing before Judge O'CONNOR, Edward Kozlowski was ordered to pay the sum of $85 a month for the support of his two minor children. This order withstood the attempts of the respective parties to reduce or increase it until June 26, 1952 when, after a hearing before Judge KAUFMANN, the order was increased to $95 a month. Kozlowski took an appeal to this Court, which entered a judgment of non pros on April 13, 1953.

The instant appeal arose out of a hearing held pursuant to a petition to reduce filed by Kozlowski and a rule to show cause granted in response thereto. Judge KAUFMANN, on June 17, 1953, after the hearing, entered an order reducing the monthly support payments to $60 and ordering the father to pay $10 a month on arrearages in the sum of $340. This appeal followed.

The appellee was, and presumably still is, an employe of the Bell Telephone Company of Pennsylvania. He concedes in his brief that "no worsening" of his "financial status" was shown; and, on the contrary, ad-

mitted at the hearing that he has had three pay increases totalling $11 a week since the original of $85 was made. Except for the fact that he has failed to do so, there is nothing in the record to indicate that appellee cannot pay the $85, or even the $95 order.

It is, of course, well settled that orders of support are not regarded as final and may be increased, reduced or vacated where the financial condition of the parties changes, or where other proper reasons are shown. But the party seeking modification of a support order has the burden of showing, by competent evidence, such change or changes in conditions as will justify modification. *Com. ex rel. Heller v. Heller,* 174 Superior Ct. 292, 101 A. 2d 452; *Com. ex rel. Thompson v. Thompson,* 171 Pa. Superior Ct. 49, 90 A. 2d 360. The appellee admits his failure to show any change in the financial condition of the parties which would justify a reduction in the amount of the order. The court below did not rely on a change in conditions, but rather justified its action by stating: "Since the prior hearing, the defendant had made payments each month although not in the full amount of the order. Noting his regular payments and the amount of arrearages, his income and expenses, the Court believes it impractical and unwarranted to continue the order of $85.00 per month and therefore believes that the prior amount not being realistic or practical, should be revised." In our opinion, the reasons given by the learned court below would not justify modification of the order.

The docket entries disclose that the original order was made by another judge of the County Court after a hearing at which, apparently, no notes of testimony were taken. There was no appeal from that order. We cannot conclude that the original order was "impractical and unwarranted" without some knowledge of the circumstances which then impelled the court to make it.

Was it based on evidence of Kozlowski's then earnings and expenses alone? Was there testimony with respect to other relevant considerations such as his "potential earning power", his "capital assets" (*Com. ex rel. Orlowitz v. Orlowitz*, 172 Pa. Superior Ct. 481, 483, 94 A. 2d 366), and other "attendant circumstances" (*Com. v. Elliott*, 157 Pa. Superior Ct. 619, 622, 43 A. 2d 630)? We have no way of knowing at this time and must, therefore, in the absence of anything to the contrary, assume that the original order was proper when made. If the order was in error, Kozlowski should have appealed from it.

Counsel for appellant stated at the oral argument that his client is satisfied with the original order of $85 a month, and it is that order which should be enforced. The court below may, of course, deal with the present arrearages in any manner which appears just in the light if its inability to modify the original order without a showing of changed conditions. Act of June 19, 1939, P. L. 440, sec. 1, 17 PS sec. 263.

Order reversed, and order of September 27, 1951 in the amount of $85 a month reinstated.