Commonwealth, Appellant, *v.* McAlaine.

Argued June 13, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Jerome H. Harwitz*, with him *Smillie, Bean, Davis & Tredinnick*, for appellant.

*H. Lester Haws*, with him *Haws & Burke*, for appellee.

OPINION BY RHODES, P. J., September 16, 1960:

This is an appeal by the appellant-wife from an order of the Court of Quarter Sessions of Montgomery County, sitting in banc. Exceptions of the defendant-husband to an order of support entered by Judge GERBER were sustained. The order of the hearing judge was vacated and an order of support for a reduced amount was made effective retroactively to the date of the original order.

On appeal the wife asserts, inter alia, that the support order of the hearing judge dated September 10, 1959, was final for purposes of appeal to this Court, and that the court in banc had no authority to review this final support order of the hearing judge on exceptions filed by the husband. It is asserted that the husband's only remedy was to appeal the final order of the hearing judge to this Court. After a careful consideration of the matter we are of the opinion that there is no authority for the procedure followed by the court in banc; its order is invalid, and the order of the hearing judge will be reinstated. The order to which defendant-husband took exceptions before the court in banc was issued under the authority of the Act of June 24, 1939, P. L. 872, §733, 18 PS §4733, which provides in part as follows: "The said court, after hearing in a summary proceeding, may order the person against whom complaint has been made . . . to pay such sum as said

court shall think reasonable and proper . . ." It would seem, under the clear and explicit language of this section, that an action for nonsupport is a summary proceeding in the court of quarter sessions.

The order of a hearing judge in a support proceeding, under section 733, 18 PS §4733, is not final in the sense that it may not be changed, as a judgment at law. Thus orders in support cases have not been regarded as final as they may be increased, reduced, or vacated where the conditions of the parties change. *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 203, 30 A. 2d 437; Act of June 19, 1939, P. L. 440, 17 PS §263. On the other hand, a support order entered by a hearing judge is final in the sense that it stands unless appealed from or until the parties show changed conditions justifying modification of the order. *Com. ex rel. Kozlowski v. Kozlowski,* 176 Pa. Superior Ct. 24, 26, 106 A. 2d 676. Support proceedings being summary in nature, our statement in *Pittsburgh v. Ruffner,* 134 Pa. Superior Ct. 192, 196, 4 A. 2d 224, involving a violation of a city ordinance pertaining to peddling, is applicable. We said (page 196 of 134 Pa. Superior Ct., page 226 of 4 A. 2d) : "Where appeals have been allowed from summary convictions pursuant to Art. V, sec. 14 of our Constitution . . ., the judgment entered by the judge of the court of quarter sessions . . ., hearing the appeal de novo without a jury, is the final judgment from which an appeal must be taken within the time fixed by law, . . . It has never been the practice to have such judgments reviewed by the court in banc before taking an appeal, as in the ordinary trial of civil issues." See, also, *Com. v. DeBaldo,* 169 Pa. Superior Ct. 363, 365, 82 A. 2d 578.

In *Com. v. Ochs,* 6 Chester 27 (1953), Judge HARVEY held that under section 733, 18 PS §4733, a party aggrieved has no right to file exceptions to the final

order of the hearing judge in a support proceeding to. be heard by the court in banc, and he applied the analogy of appeals to the court of quarter sessions in summary convictions. On the other hand, the practice of filing exceptions to the order of the hearing judge in support cases which are passed upon by the court in banc has been approved as proper in Montgomery County. *Com. v. Yoh,* 71 Montg. 20 (1953); *Com. v. Brooks,* 76 Montg. 278 (1960). Our decision in *Com. v. Henderson,* 170 Pa. Superior Ct. 559, 564, 87 A. 2d 797, relied upon in *Com. v. Yoh,* supra, 71 Montg. 20, cannot be construed as approval of the practice of having the court in banc pass upon exceptions to orders of the hearing judge in support cases, since the issue now before us was not raised there and was therefore not considered by this Court.

We find no basis in the case before us for supplemental proceedings in the form of exceptions to be passed upon by the court in banc. The appeal to this Court is from the final support order of the hearing judge with no intervention of a court in banc. Moreover, the rule has often been stated that a judge who hears and sees the witnesses in a support case is in a better position than the appellate court to decide the case on its merits. *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 228, 57 A. 2d 720. Our duty is limited to determine whether there is evidence to support the order of the hearing judge, and whether there has been an abuse of discretion. *Com. ex rel. Mandell v. Mandell,* 184 Pa. Superior Ct. 179, 181, 133 A. 2d 235; *Hecht v. Hecht,* 189 Pa. Superior Ct. 276, 281, 150 A. 2d 139. In a support proceeding, the court[1]

---

[1] See *Kensington Club Liquor License Case,* 164 Pa. Superior Ct. 401, 405, 406, 65 A. 2d 428, relative to the interpretation, in a statute, of the word "court" as meaning one judge or a court in banc.

is not restricted to the husband's actual earnings, but may consider his earning power, and the extent of his property and other financial resources. *Com. ex rel. Zehring v. Zehring,* 186 Pa. Superior Ct. 393, 397, 142 A. 2d 397; *Com v. Gleason,* 166 Pa. Superior Ct. 506, 509, 72 A. 2d 595. On the record, we fail to note any abuse of discretion by the hearing judge.

We may add that, in view of the fact that an order entered by a hearing judge in support proceedings may be subject to revision on a showing of changed conditions, any supplementary proceeding which detracts from the finality or appealability of such order could only result in unnecessary delay, expense, and confusion. Under our established rule that this Court reviews directly the discretion of the trial or hearing judge in support orders, there is ordinarily no room or necessity for supplemental proceedings before a court in banc or otherwise.

We think it is clear that the court in banc lacked authority to proceed to hear the exceptions filed by defendant-husband, to modify the final order of Judge Gerber, and to enter its own order in this case.

Although the question is not before us as the court in banc lacked authority to consider or reduce the order of the hearing judge, it is well established that a support order should not be made retroactive, and that it is only effective from the date of entry. *Com. ex rel. Sosiak v. Sosiak,* 177 Pa. Superior Ct. 116, 120, 111 A. 2d 157.

The order of the court in banc is vacated, and the order of the hearing judge is reinstated.