421 A.2d 1219

**Norina D. PAUL**

v.

**Theodore R. PAUL.**

**Appeal of Theodore R. PAUL at No. 10.**

**Appeal of Norina D. PAUL at No. 53.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Sept. 19, 1980.

Petition for Allowance of Appeal Denied March 10, 1981.

Harry J. Gruener, Pittsburgh, for Theodore R. Paul, appellant at No. 10 and appellee at No. 53.

Joseph M. Wymard, Pittsburgh, for Norina D. Paul, appellant at No. 53 and appellee at No. 10.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

The parties in this domestic relations case have filed cross–appeals. For the reasons stated below, we quash both appeals.

In the fall of 1974, Norina Paul filed three lawsuits in the lower court against her husband, Ted Paul–one in divorce, one in equity,[1] and one for support.[2] In connection with her divorce action, Norina also filed a petition for alimony pendente lite and counsel fees and expenses. From December 1974 until August 1976, however, none of Norina's actions was prosecuted, as she and Ted had apparently reconciled their differences and were living together. In September 1976, Norina petitioned the lower court for a hearing on her petition requesting alimony pendente lite and counsel fees and expenses. A hearing was set for November 18, 1976. On November 9, 1976, the lower court ordered Ted and his accountant to appear for depositions on December 16, 1976, and to bring Ted's financial records with them. On November 17, 1976, however, the court stayed its November 9 order and ordered that the

affirmative defenses [asserted by Ted to Norina's support action] shall be heard before the issue of the amount of support, if any, will be considered by the Court and said hearings shall be scheduled so that there will be a hiatus following the initial hearing relating to the matter of any affirmative defenses so allow [sic] for a decision thereon to be rendered and, if said asserted defenses are not found to be valid, there also will be time for depositions to be taken relating to the financial discovery necessary for preparation by [Norina] for the subsequent support hearing.

Pursuant to this order, hearings on Ted's defenses were held on March 31, April 1, and June 6, 7, 8, and 9, 1977. On June 24, 1977, the lower court ordered Ted to pay Norina $7,500 for "temporary counsel fees," $2,500 for suit ex-

1. The record does not disclose the nature of Norina's equity action, but the action forms no part of the present appeals. Similarly, a second action in equity by Norina against Ted, filed in the lower court in 1976, is not before us.

2. Norina's action for support was brought pursuant to the Pennsylvania Civil Procedural Support Law, 62 P.S. §§ 2043.31 *et seq.* (1968), *repealed by* the Judiciary Act Repealer Act, 42 Pa.C.S.A. § 20002(a)[1291] (1979 Pamphlet), *and substantially reenacted* at 42 Pa.C.S.A. §§ 6701 *et seq.* (1979 Pamphlet).

penses, and $1,250 per month "as temporary support and/or alimony pendente lite" for herself and the parties' daughter, Samantha. The court later modified this order by orders dated July 25 and September 12, 1977, to require Ted to provide Norina and Samantha with housing, to "pay all utility bills, except telephone, and all the real estate taxes," "to pay for his daughter Samantha's private schooling and all the expenses attendant thereto, including tuition, books, transportation, special clothing, lunch money, etc.," and to "pay all the medical and dental expenses of [Norina] and his daughter Samantha through his medical insurance program or by supplemental funds required to pay for all of said expenses." Ted filed notices of appeal to this court from the June 24 and July 25 orders, but later withdrew his appeals. He also filed several motions requesting the lower court to reconsider its orders, to open judgment, and to stay execution. Ted also applied to the lower court and this court for a stay pending his appeals. All these requests were denied. On December 29, 1977, the lower court formally closed the taking of evidence on Ted's defenses to Norina's action for support, found that Norina and Samantha were entitled to support, and ordered Ted "to make full disclosure of his income and assets to determine the proper amount of support for [Norina] and their child at a hearing. . . ." Ted also filed a notice of appeal from this order, and again later withdrew his appeal. Discovery of Ted's financial assets was had, and on October 30, 1978, after a hearing, the lower court ordered Ted to pay $2,200 per month for Norina's support and $400 per month for Samantha's support, and to continue to carry Norina and Samantha on his medical insurance program. The court also filed an opinion stating that it had "been asked to decide whether or not counsel fees should be awarded to [Norina's] attorney for expenses and time spent in preparing [her] case." The court held "that an award for counsel fees and expenses is not warranted at this time," and entered an order accordingly. On November 9, 1978, Norina filed in the lower court a document entitled "EXCEPTIONS AND MOTION TO RECONSIDER," asking that additional counsel fees and expenses be awarded, that

the support order be made retroactive to September 1976, and that the support order include an unpaid medical bill. On November 13, 1978, Ted filed a petition for clarification of the court's October 30 opinion and order, asking the court to order the return to him "of so much of the $10,000 paid [to Norina for counsel fees and expenses] as the court finds was not expended in defending the divorce action." Argument was heard on December 4, 1978, and on December 21, 1978, the lower court entered the following order:

AND NOW, to wit, this 19th day of December, 1978, after argument in open court, it is hereby

ORDERED, ADJUDGED and DECREED that plaintiff's motion for travel expenses is denied.

It is further ORDERED that defendant's motion for the return of counsel fees and expenses is denied.[3]

It is from this order that the present appeals are taken.[4]

1

On her appeal, Norina renews her claim that the lower court erred in refusing to award her additional counsel fees and expenses. She concedes that the court was powerless to award fees and expenses in connection with her support action, see *Drummond v. Drummond*, 414 Pa. 548, 200 A.2d 887 (1964); *Linsenberg v. Fairman*, 205 Pa.Super. 136, 208 A.2d 6 (1965), and her action in equity, see *Harrison v. Harrison*, 183 Pa.Super. 562, 133 A.2d 870 (1957). As the court stated in *Drummond*, 414 Pa. at 553, 200 A.2d at 889, "It is the general rule in Pennsylvania that a court is powerless to grant counsel fees in the absence of statutory authorization to the contrary or contractual obligation." No statutory authorization existed at the time of the proceedings in the lower court for an award of fees and expenses in

---

3. Norina's written exceptions and motion to reconsider did not include a claim that she should be reimbursed for travel expenses. This matter, presumably, was raised orally at the December 4 hearing.

4. The parties' appeals have been consolidated, and this opinion will dispose of both.

Norina's support and equity actions.[5] Such authorization did exist, however, with respect to Norina's divorce action. *See* 23 P.S. § 46 (1979–80 Supp.), *repealed by* the Divorce Code, Act of April 2, 1980, P.L. \_\_\_, No. 26, § 801 (eff. June 30, 1980),[6] and Norina contends that although the proceedings below were nominally for support, Ted is nevertheless liable for the majority of the fees and expenses she incurred because "[t]he difficulty of issue identity required [her] to defend her rights upon and through a divorce within a myriad of other actions and defenses in other actions asserted by Ted." Norina's Brief at 5. More precisely, Norina asserts that Ted is liable for the fees and expenses because he resisted her support action by alleging that she had committed acts giving him grounds for divorce, thereby requiring her to try in the support action issues that were relevant and could arise in her divorce action.[7]

For our present purposes we may assume that Norina is correct in asserting that the lower court had power to award her additional fees and expenses because of the identity of issues in her divorce and support actions.[8] Nevertheless, we are prevented from reaching the merits of Norina's claim that the lower court abused its discretion in not awarding additional fees and expenses by the established rule that an order refusing additional fees and expenses is interlocutory, from which an appeal does not lie *Rutherford v. Rutherford*, 152 Pa.Super. 517, 32 A.2d 921 (1943); *Boerio v. Boerio*, 134 Pa.Super. 501, 4 A.2d 614 (1938); *Murray v. Murray*, 78

---

**5.** We have no occasion on these appeals to decide whether sections 401(b) and 502 of the new Divorce Code, Act of April 2, 1980, P.L. \_\_\_, No. 26 (eff. June 30, 1980), change existing law to permit an award of counsel fees and expenses in support and equity actions.

**6.** The present appeals are unaffected by the repeal of 23 P.S. § 46. *See* Section 103 of the Divorce Code.

**7.** It is to be noted that Norina does not assert that an award of additional fees and expenses was required, because of the legal expenses that arose directly from the prosecution of her divorce action.

**8.** We do not decide this issue, however.

Pa.Super. 443 (1922). As stated in 2 Freeman, Law of Marriage & Divorce in Pennsylvania § 468 at 989 (1957):

> In such cases [where counsel fees and expenses are denied] an exception to the order should be noted and it should be raised as error in the appeal from the final decree in the divorce proceedings when it will be considered together with the appeal on the merits.

It is true that Freedman criticizes this rule, maintaining that

> [t]he inability of the wife to appeal from an order denying her an award or awarding her an inadequate allowance results in great injustice. For it is conceded that to deny the wife the means of defending her suit is to deny her justice. Yet the lower court, by improperly refusing alimony or awarding it in an inadequate amount, may postpone its actual or full payment until after final decree in the divorce proceeding. But it is during the period of litigation, while the suit is pending in the lower court, that the need for alimony, counsel fees and expenses is greatest and, indeed, vital. It is a belated remedy to award her a lump sum in case of reversal on appeal of the order denying her alimony or awarding her an inadequate amount. Then the record in the divorce suit has been made in the Common Pleas with all the damage to her case which the temporary denial of alimony, counsel fees and expenses may have caused.

*Id.* at 990 (footnotes omitted).

This court, however, has consistently held that such an order is interlocutory, and we believe that the present case is not an appropriate occasion to reexamine this rule. In particular, we note that on December 23, 1976, during the pendency of the proceedings in the lower court, Norina filed a second divorce action in Wyoming. We are informed by the parties that she has since secured a divorce in that jurisdiction. We also note that Norina has not responded to the assertion in Ted's brief that she failed to proceed with her Pennsylvania divorce action after it was filed in 1974, even though "the action was uncontested and unanswered until December

1978 when Ted filed an answer and counterclaim and a Petition to Appoint a Master." Ted's Brief at 1. Indeed, Norina's brief indicates that she may have declined to proceed with her Pennsylvania divorce action because of her concern that if she obtained a divorce she would no longer be entitled to receive support from Ted. *See* Norina's Brief at 8.[9]

In these circumstances, we should act precipitously if we were to overrule a settled rule of law, for at least some doubt exists regarding Norina's past and present intentions to prosecute her Pennsylvania divorce action. If Norina has had no serious intention to prosecute her action since 1974, then even under the theory she urges for the award of additional fees and expenses she would be entitled to no more than what she has received under the lower court's June 24, 1977, order, for such an award would not be authorized under 23 P.S. § 46. We shall therefore not entertain Norina's contentions now, but adhere to precedent, which allows Norina the right to file a new appeal once her divorce action in the lower court is finally concluded.[10]

2

■■■ We are likewise unable to reach the merits of Ted's argument that he is entitled to the return of some or all of the fees and expenses he paid pursuant to the lower court's June 24, 1977, order because Norina failed to prove that the fees and expenses were related to her divorce action. Although the denial of counsel fees and expenses is a non–ap-

9. We note further that Norina was not hindered in the prosecution of her divorce action in the lower court by the court's order of November 17, 1976. That order merely stayed discovery of Ted's financial resources in Norina's support action until Norina's entitlement to support was established.

10. Although Ted has not asserted that Norina's objections to the lower court's refusal to award additional counsel fees and expenses are taken from a non–appealable, interlocutory order, we are required to raise the issue *sua sponte*. 42 Pa.C.S.A. § 704(b) (1979 Pamphlet); Pa.R.A.P. 741(b). Similarly, we are also required to consider in the next two parts of this opinion whether the other issues raised by the parties are properly before this court, even though the parties themselves have not questioned the appealability of those issues.

pealable, interlocutory order, the allowance of fees and expenses is a final, appealable order, *Henderson v. Henderson,* 458 Pa. 97, 327 A.2d 60 (1974); *Brady v. Brady,* 168 Pa.Super. 538, 79 A.2d 803 (1951), and a party who chooses to pay the fees and expenses awarded by the court rather than to appeal the court's order may not recover his payments. *Rutherford v. Rutherford, supra; Gould v. Gould,* 95 Pa.Super. 387 (1928); *Lynn v. Lynn,* 68 Pa.Super. 324 (1917). Thus, a petition for recoupment of excess payments will be denied, *Marra v. Marra,* 178 Pa.Super. 102, 113 A.2d 320, aff'd 383 Pa. 227, 118 A.2d 204 (1955); *cf. Fiumara v. Texaco, Inc.,* 426 Pa. 159, 231 A.2d 297 (1967); *Savo v. Savo,* 239 Pa.Super. 171, 361 A.2d 744 (1976), and an appeal from an order denying a late petition to reconsider an order allowing fees and expenses will be quashed. *Rutherford v. Rutherford, supra.*

Here Ted, although initially appealing from the court's June 24, 1977, order, later withdrew his appeal and paid the amounts ordered. It is too late for him to question the order now, or to seek recoupment.

3

The only remaining issue raised on these appeals is Norina's contention that the lower court abused its discretion in refusing to make its October 30, 1978, support order retroactive to September 1976. As previously noted, Norina filed exceptions to that order, as she was required to do under 62 P.S. § 2043.35(f) [11] and Pa.R.C.P. Nos. 1038(d), 1121.

11. 62 P.S. § 2043.35(f) provides that an action commenced under the Pennsylvania Civil Procedural Support Law "shall be a civil action in accordance with the Rules of Civil Procedure." Although section 2043.35 was repealed on June 27, 1978, by 42 Pa.C.S.A. § 20002(a) [1291] (1979 Pamphlet), the Official Note to 42 Pa.C.S.A. § 6704 (1979 Pamphlet), which is substantially a reenactment of section § 2043.35, states that subsection (f) of the repealed provision is "to be given effect in construing section 6704 ...." Thus, there is no question but that exceptions must be filed to a support order in order to preserve objections for appeal.

It may be noted that in this regard 62 P.S. § 2043.35(f) represented a change in prior law, for this court had previously held in *Commonwealth v. McAlaine,* 193 Pa.Super. 27, 163 A.2d 711 (1960), that the

However, the record does now show that the lower court ever ruled on those exceptions. Norina evidently believes that the exceptions were disposed of in the court's order of December 21, 1979. However, that order merely denied her motion for travel expenses and Ted's motion for the return of counsel fees and expenses.

It is true that the opinion accompanying the lower court's December 21 order states:

On December 4, 1978, counsel for the parties to this action appeared before the Court and presented various motions and countermotions in regard to the above–captioned, protracted litigation. All matters were resolved with the exception of the two issues listed below which will now be considered by the Court [*viz*, Norina's motion for travel expenses and Ted's motion for the return of counsel fees and expenses].

Slip op. at 1

This statement, however, provides this court with no assurance that among the matters "resolved" at the December 4 hearing were the issues raised in Norina's exceptions, nor does it enlighten us as to the manner in which the matters considered were resolved. For example, were Norina's exceptions withdrawn at the hearing, or was hearing on the exceptions continued, or did the lower court consider and reject the exceptions on their merits?

"In an action tried without a jury, an appeal is premature if entered before exceptions have been disposed of . . . ." 2 Goodrich–Amram 2d § 1038(e): 2 at 507; *cf. Slotsky v. Gellar*, 455 Pa. 148, 314 A.2d 495 (1974) (in equity action appeal does not lie until court en banc passes on exceptions to trial court's adjudication). So far as the record shows, Norina's exceptions have never been properly disposed of by the lower court. Hence, we do not decide her objections to the support order on this appeal.

For the reasons above, the appeals at Nos. 10 and 53 April Term 1979 are quashed.

filing of exceptions to a support order was improper, and the right to appeal lay from the support order itself.