449 A.2d 712

**COMMONWEALTH of Pennsylvania ex rel. Jean L. WHITE**

v.

**Richard K. WHITE, M.D.**

**Appeal of Jean L. WHITE.**

Superior Court of Pennsylvania.

Argued March 8, 1982.

Filed Aug. 20, 1982.

James R. Fiorentino, Bethlehem, for appellant.

John J. Bartos, Bethlehem, for appellee.

Before CAVANAUGH, WICKERSHAM and CIRILLO, JJ.

WICKERSHAM, Judge:

On October 5, 1977 Jean L. White, appellant, filed a support complaint in the Court of Common Pleas of Lehigh County seeking support from her husband, Richard K. White, M.D., appellee. They lived together for thirty-six years before separating on October 1, 1977. At a conference held in November 1977, Richard White agreed to give Jean White $500.00 a month and to pay the utilities at her residence. The Honorable John E. Backenstoe issued an order dated September 8, 1978 granting Jean White $1,200.00 a month in support. No exceptions to this order were filed.

Several months later, on June 7, 1979, Richard White filed a petition to modify the support order of September 8, 1978. In depositions submitted to the court in lieu of a hearing, Jean White testified that she worked for an average wage of $90.00 a week. Richard White testified that he had been unable to make up a $60,000.00 a year loss of income sustained in 1977, that he could not work as hard in his orthopedic surgery practice because of his advancing age and that his income was decreased by competition from the growing number of orthopedists in the area. The Honorable James N. Diefenderfer reduced Richard White's support obligation to $950.00 a month in an order dated September 29, 1980. No exceptions were taken to the order of September 29, 1980 but a notice of appeal was filed on October 14, 1980.

This failure to file exceptions precludes review of the merits of the case. As Judge Spaeth wrote for a unanimous panel of this court in *Paul v. Paul*, 281 Pa.Super. 202, 210 n.11, 421 A.2d 1219, 1223 n.11 (1980) (footnote supplied):

62 P.S. § 2043.35(f) provides that an action commenced under the Pennsylvania Civil Procedural Support Law 'shall be a civil action in accordance with the Rules of Civil Procedure.' Although section 2043.35 was repealed on June 27, 1978, by 42 Pa.C.S.A. § 20002(a) [1291] (1979 Pamphlet), the Official Note to 42 Pa.C.S.A. § 6704 (1979 Pamphlet), which is substantially a reenactment of section § [sic] 2043.35, states that subsection (f) of the repealed provision is 'to be given effect in construing section 6704 . . . .' Thus, there is no question but that exceptions must be filed to a support order in order to preserve objections for appeal.

It may be noted that in this regard 62 P.S. § 2043.35(f) represented a change in prior law, for this court had previously held in *Commonwealth v. McAlaine*, 193 Pa.Super. 27, 163 A.2d 711 (1960), that the filing of exceptions to a support order was improper, and the right to appeal lay from the support order itself.[1]

The Supreme Court of Pennsylvania recently promulgated rules of civil procedure governing support actions which expressly eliminate the requirement that exceptions be filed. Pa.R.C.P. No. 1910.1–.31. Yet the new rules did not become effective until July 22, 1981 and do not control this action.

In order to preserve her objections to the order reducing her support, Jean White should have filed exceptions to the order. Failure to file exceptions has been interpreted as a waiver of objections to the order. *Commonwealth v. Bankert*, 295 Pa.Super. 423, 441 A.2d 1304 (1982); *Overs v. Overs*, 294 Pa.Super. 191 n.1, 439 A.2d 815, 816 n.1 (1982); *Paul v. Paul, supra*. We are bound by these clear precedents to affirm the order of the court below because Jean White waived her objections to the order by not filing exceptions.

Order affirmed.

1. In *Stump v. Stump*, 291 Pa.Super. 65, 68 n.4, 435 A.2d 221, 223 n.4 (1981) a panel of this court referred to the exceptions requirement of *Paul* as dictum. Whether the statutory analysis of *Paul* was essential to that particular decision is not as important as the analysis itself, which is unquestionably valid.