458 A.2d 976

COMMONWEALTH of Pennsylvania ex rel. Annie P. NIXON

v.

Earl S. NIXON, Sr., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 19, 1982.

Filed March 31, 1983.

314

Claire D. Newman, Philadelphia, for appellant.

William F. Coyle, Philadelphia, for appellee.

David Carl Mullins, Philadelphia, for Paul Nixon, participating party.

Before WIEAND, BECK and MONTEMURO, JJ.

WIEAND, Judge:

The appeal in the instant case is from a multi-faceted order entered in a support action. Unfortunately, the record is inadequate to permit appellate review.

The facts which are ascertainable from the record disclose that Earl Nixon, Sr., appellant, and Annie P. Nixon, appellee, were married in Philadelphia in 1953. A son, Earl, Jr., was born on October 20, 1953. The marriage fell upon hard times, and the parties separated in 1957. On August 12, 1959, an agreed support order was entered which directed appellant to pay $60 bi-weekly for the support of his wife and son. Later in 1959, appellee moved with her son to Houston, Texas, where she continues to reside. Some time after Earl, Jr. had attained his 18th birthday, appellant unilaterally discontinued making payments of support.[1] On December 13, 1967, appellee gave birth to a second son in Houston. She named him Paul Vance Nixon. She did not immediately ask the court to increase the order to include support for the new child. However, at some time thereafter, which cannot be ascertained precisely from the record, appellee filed a request for an increase in the monthly allotment which she had been receiving from the Veterans' Administration. This appears to have been filed in 1971, for in January, 1972, appellant acknowledged in writing that Paul was his dependent. The record does not disclose, however, whether the request for increase was ever grant-

---

[1.] The trial court made no finding, and the record does not enable us to ascertain precisely when appellant stopped paying the order.

ed. In 1975, appellee filed a new request that the Veterans' Administration find Paul to be appellant's dependent and increase the allotment which appellee was receiving. Appellant contested appellee's request and contended that Paul was not his child. The Veterans' Administration, relying upon the presumption that a child born during wedlock is legitimate, increased appellee's allotment. Appellant did not appeal.

On September 26, 1977, appellee filed a petition in the courts of Philadelphia to increase the order of support. When her counsel discovered that Paul had never been included in the order, he filed an amended petition to include him in the order of support. He also filed a petition to have arrearages under the prior order reduced to judgment. On June 8, 1978, after a hearing on the petition to reduce arrearages to judgment, the Honorable Gregory Lagakos entered an order granting appellant a credit against arrearages of $6,070 without prejudice to his right to claim additional credits.[2]

The petition for increase was heard by the Honorable Edward E. Rosenberg, who took testimony on the issues of paternity, support and arrearages. Blood grouping tests demonstrated conclusively that appellant was not the natural father of Paul. Nevertheless, the court found that appellant was a parent by estoppel. The court also concluded that the results of the blood test could not be used to show that appellee had been guilty of adultery. Therefore, the following order was entered:

AND NOW, this 30th day of July 1979, after hearing and testimony, the following order is made:

(1) The husband shall be required to make payments through the Court for the support of his wife and minor child, Paul in the sum of $65.00 a week thereby amending the order of August 12, 1959. The said order for support shall be allocated as follows:

2. No transcript of these hearings is included in the record before this court. It appears, however, that the credit was allowed in recognition of Earl, Jr.'s attaining majority.

(a) Forty-Five dollars a week for the support of Paul (b) Twenty dollars a week for the support of the wife. (2) The Court finds that the father is entitled to credits on account of the arrears on the support order for direct payments made to the mother which included support for the child, Paul. The Court hereby allows the father total credits in the amount of Three Thousand Two Hundred and Thirty-Five Dollars ($3,235.) against the outstanding arrears on the order.

(3) The Petition to Reduce Arrears to Judgment is granted, after due credit for direct payments noted in Paragraph # 2, is given.

By the Court,

E. Rosenberg, J.

The court made no findings of fact, and the record does not disclose how the amount of the credit was determined. A notice of appeal was filed on August 29, 1979; and on August 31, 1979, pursuant to Pa.R.A.P. 1925(b), appellant filed a concise statement of matters complained of on appeal. An opinion was filed by the hearing court on November 20, 1981. See: *Nixon v. Nixon*, 6 Phila. 373 (1981).

Appellant asserts as error (1) the hearing court's determination that he was estopped from denying paternity; (2) the hearing court's refusal to credit the amount of veterans' benefits received by Mrs. Nixon against the arrearages on the 1959 support order; and (3) the court's refusal to consider the blood grouping tests, which established that appellant was not the father of Paul Vance Nixon, as evidence of adultery by Mrs. Nixon. He also contends that the support order was excessive and that there was insufficient evidence to establish that Mrs. Nixon was unable to work because of disability.

 Despite the order granting appellee's petition for judgment, no judgment has ever been entered on the docket. In the absence of a judgment, this Court lacks jurisdiction to hear an appeal from this portion of the order. "A lower court's direction to enter a specified order, unaccompanied by actual entry of the specified order on the docket,

is interlocutory and not appealable and must be reduced to judgment and docketed before an appeal can be taken." *Friedman v. Kasser*, 293 Pa.Super. 294, 295, 438 A.2d 1001, 1002 (1981). Accord: *Hartigan v. Clark*, 401 Pa. 594, 602, 165 A.2d 647, 651 (1960); *Coren v. DiDomenico*, 291 Pa.Super. 331, 332–333 & n. 2, 435 A.2d 1252, 1253 & n. 2 (1981); *Crawford v. Manhattan Life Insurance Company of New York*, 207 Pa.Super. 161, 215 A.2d 299 (1965); Pa.R.A.P. 301(c).[3] " 'Such an order does not become appealable until, "on praecipe of any party," Pa.R.A.P. 301(d), it is "reduced to judgment and docketed," Pa.R.A.P. 301(c).' " *Coren v. DiDomenico, supra* 291 Pa.Super. at 332–333, 435 A.2d at 1253, quoting *Unterberger v. Life Assurance Company of Pennsylvania*, 286 Pa.Super. 469, 470, 429 A.2d 34, 35 (1981). Accord: *Whitfield v. Farrior*, 291 Pa.Super. 220, 221, 435 A.2d 877, 878 (1981); *Karpe v. Borough of Stroudsburg*, 290 Pa.Super. 559, 561, 434 A.2d 1292, 1293 (1981); *Gadbois v. Leb-Co Builders, Inc.*, 290 Pa.Super. 523, 525, 434 A.2d 1267, 1268 (1981). The requirement that judgment be docketed is jurisdictional and may be raised sua sponte. *Davanzo v. Finelli*, 293 Pa.Super. 70, 72, 437 A.2d 995, 996 (1981); *Karpe v. Borough of Stroudsburg, supra* 290 Pa.Super. at 561, 434 A.2d at 1293; *Lashner v. Redevelopment Authority of the City of Philadelphia*, 286 Pa.Super. 549, 551 n. 1, 429 A.2d 659, 660 n. 1 (1981); *Penstan Supply, Inc. v. Hay*, 283 Pa.Super. 558, 560, 424 A.2d 950, 951 (1981).[4]

**3.** Rule 301(c) of the Pennsylvania Rules of Appellate Procedure provides:

"A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, *does not constitute an appealable order.* Any such order shall be reduced to judgment and docketed before an appeal is taken." (Emphasis supplied.)

**4.** The entry of judgment will not remedy the inadequate record which exists in this case. An order remitting arrearages or granting credit must be based upon evidence and findings which will enable a reviewing court to determine the amount, source and reasons for credits given or arrearages remitted. Where a record is inadequate to

Appellant's further arguments that the trial court erroneously ruled that he was estopped from denying paternity of Paul, that results of the blood grouping tests were incompetent to show appellee's adultery, and that appellee was entitled to support in the amount ordered, were not raised in the trial court via exceptions to the order of July 30, 1979.

■ Failure to file exceptions to a support order entered between June 27, 1978 and July 23, 1981 has been held to be a waiver of all objections. See: *Commonwealth ex rel. White v. White*, 303 Pa.Super. 329, 449 A.2d 712 (1982); *Bickley v. Bickley*, 301 Pa.Super. 396, 399, 447 A.2d 1025, 1027 (1982); *Commonwealth v. Bankert*, 295 Pa.Super. 423, 441 A.2d 1304 (1982); *Overs v. Overs*, 294 Pa.Super. 191, 192 n. 1, 439 A.2d 815, 816 n. 1 (1982). The duration of the procedural rule requiring exceptions to orders of support has been short. During its brief life it caused both confusion and mischief. Fortunately, it has now been abrogated by the Supreme Court's adoption of a contrary Rule of Civil Procedure.

Prior to June 27, 1978, the law was clear. In *Commonwealth v. McAlaine*, 193 Pa.Super. 27, 163 A.2d 711 (1960), this Court had held specifically that an appeal must be taken within the time allowed from the order of support, saying " '[i]t has never been the practice to have such judgment reviewed by the court en banc before taking an appeal....' " *Id.*, 193 Pa.Superior at 29, 163 A.2d at 713 quoting *Pittsburgh v. Ruffner*, 134 Pa.Super. 192, 197, 4 A.2d 224, 226 (1938). On April 28, 1978, the legislature

permit appellate review this Court will remand and may require that an additional hearing be held. See and compare: *Commonwealth v. Doranzo*, 309 Pa.Super. 473, 455 A.2d 708 (1983); *Seidel v. Great Factory Store*, 291 Pa.Super. 255, 259, 435 A.2d 896, 898 (1981); *Jackson v. Richards 5 & 10 Inc.*, 289 Pa.Super. 445, 459, 433 A.2d 888, 896 (1981); *Mansfield v. Lopez*, 288 Pa.Super. 567, 432 A.2d 1016 (1981); *Witherow v. Witherow*, 288 Pa.Super. 519, 521 n. 1, 432 A.2d 634, 635 n. 1 (1981); *Commonwealth ex rel. Swank v. Swank*, 266 Pa.Super. 94, 403 A.2d 109 (1979). It would not be amiss for the parties to correct the inadequacy of the present record before any further appeal is taken.

caused Section 5 of the Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431, No. 95, to be amended by the Act of April 28, 1978, P.L. 106, No. 46, formerly 62 P.S. § 2043.35(f), to provide as follows:

"An action commenced under this act shall be a civil action in accordance with the Rules of Civil Procedure. Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be by the court without a jury unless either party demands trial by jury. The trial, whether or not a trial by jury is demanded, shall be a civil action and there shall be no right to a criminal trial on the issue of paternity. The burden of proof shall be by a preponderance of the evidence." [5]

At the time of this amendment, rules of civil procedure had not been adopted for specific application to support actions. Nevertheless, in *Paul v. Paul*, 281 Pa.Super. 202, 421 A.2d 1219 (1980), a panel of this Court concluded, "there is no question but that exceptions must be filed to a support order in order to preserve objections for appeal." *Id.*, 281 Pa.Superior at 210 n. 11, 421 A.2d at 1223 n. 11.

Rules of Civil Procedure in actions for support were adopted by the Supreme Court on April 23, 1981 and became effective on July 22, 1981. They clearly overruled *Paul v. Paul, supra,* and provided that exceptions are not to be filed from a final support order. See: Pa.R.C.P. 1910.11(k) and Pa.R.C.P. 1910.12(g). However, in claims involving paternity a different procedure is to be followed. Pa.R.C.P. 1910.15 follows the procedure previously adopted by Pa.R.C.P. 1920.52 for paternity actions joined with an action for divorce. It provides, inter alia, that where a nonjury trial has resulted in a finding of paternity, the defendant may file exceptions thereto. If the exceptions are dismissed, the court is then required to enter an interlocutory order finding paternity. Pa.R.C.P. 1910.15(d)(2). This order is not an appealable order. Pa.R.C.P. 1910.15(f). See also: *Commonwealth ex rel. Wright v. Lacy,* 291

5. This section was repealed by 42 Pa.C.S. § 20002(a), but 42 Pa.C.S. § 6704(f) is a substantial re-enactment thereof.

Pa.Super. 185, 435 A.2d 630 (1981). After a final finding of paternity has been made, it is followed by proceedings to determine the amount of the final support order. Pa.R.C.P. 1910.15(e). It is from this final support order, to which exceptions are not permitted, that the appeal must be taken. Pa.R.C.P. 1910.15(f). Such an appeal brings to the Superior Court for review not only the amount of the support order but also the proceedings to determine paternity.

The order from which the instant appeal was taken was entered on July 30, 1979. At that time, *Paul v. Paul, supra,* had not been decided, but the Act of April 28, 1978 had been adopted. After this appeal was filed, the trial court did not file its statement of reasons, as required by Pa.R.A.P. 1925(a), until November 20, 1981.

The order of support was final and not interlocutory, for by directing appellant to pay $65 per week for the support of a wife and child, the order decided all issues pending between the parties and ended the litigation. See, e.g. *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978); *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 404, 319 A.2d 677, 678 (1974); *Gerber v. Weinstock,* 308 Pa.Super. 11, 14, 453 A.2d 1043, 1045 (1982); *Foulke v. Lavelle,* 308 Pa.Super. 131, 135, 454 A.2d 56, 58 (1982); *Bracken v. Bracken,* 294 Pa.Super. 371, 373, 439 A.2d 1247, 1247–1248 (1982); *Tunstall v. Penn Federal Savings and Loan Association,* 287 Pa.Super. 511, 514, 430 A.2d 1007, 1009 (1981); *Mitchell v. Center City Cadillac,* 287 Pa.Super. 350, 353, 430 A.2d 321, 322 (1981). Therefore, an appeal was proper.

[5] The distinction between a waiver of objections by failing to file exceptions and the lack of a final order is an important one, for it determines not only the jurisdiction of this Court but also the proper disposition of the appeal. Where this Court determines that all objections to an order have been waived by failure to file exceptions, we must affirm the order of the trial court. See: *Estate v. Kotz,* 486 Pa. 444, 406 A.2d 524 (1979); *Commonwealth ex rel. White v. White, supra* 303 Pa.Super. at 331, 449 A.2d at 714; *In*

*re Wilson,* 303 Pa.Super. 326, 449 A.2d 711 (1982); *Commonwealth v. Bankert, supra; Knisely v. Knisely,* 295 Pa.Super. 240, 441 A.2d 438 (1982); *Litt v. Rolling Hill Hospital,* 293 Pa.Super. 97, 98 n. 1, 437 A.2d 1008, 1009 n. 1 (1981); Pa.R.C.P. 1038(d). However, where a premature appeal has been taken, i.e., where an appeal has been filed from an interlocutory and non-appealable order, we are required to quash the appeal, for we have no jurisdiction to entertain it. See: *Rodgers v. Yodock,* 309 Pa.Super. 154, 454 A.2d 1129 (1983); *R.B. Equipment Company v. Williams, Shields, Snyder & Goas,* 304 Pa.Super. 31, 450 A.2d 85 (1982); *Miller v. Jackson,* 299 Pa.Super. 86, 89, 445 A.2d 160, 161–162 (1982); *Swift v. Milner,* 296 Pa.Super. 463, 465–466, 442 A.2d 1144, 1145–1146 (1982); *Mitchell v. Center City Cadillac, supra* 287 Pa.Super. at 353–354, 430 A.2d at 322; *Hall v. Lee,* 285 Pa.Super. 542, 544, 428 A.2d 178, 179 (1981). See also: 42 Pa.C.S. § 742.

■ The failure to file exceptions in the instant case did not affect the finality of the order. It was not a jurisdictional defect. However, the failure to file exceptions did constitute a waiver and failed to preserve any issues for appellate review. See: *Estate of Kotz, supra* 486 Pa. at 447, 406 A.2d at 526; *Commonwealth ex rel. White v. White, supra* 303 Pa.Super. at 331, 449 A.2d at 714; *Commonwealth v. Bankert, supra; Overs v. Overs, supra* 294 Pa.Super. at 192 n. 1, 439 A.2d at 816 n. 1. See also: *Canada Dry Bottling Co. v. Mertz,* 264 Pa.Super. 480, 484, 400 A.2d 186, 188 (1979).

Where there has been a failure to file exceptions, this Court may, where the interests of justice and fairness require it, remand for the filing of exceptions nunc pro tunc. See: *Jones v. State Automobile Insurance Association,* 309 Pa.Super. 477, 455 A.2d 710 (1983). This is consistent with the provisions of Pa.R.C.P. 126 which authorize a court at every stage of a civil action to disregard an error or defect of procedure if it "does not affect the substantial rights of the parties." Pa.R.C.P. 126 "not only expresses the reasons why our rules are to be liberally

construed—to ensure that justice is accorded the parties to a lawsuit—but also permits us to disregard procedural errors which do not affect substantial rights." *Pomerantz v. Goldstein*, 479 Pa. 175, 179, 387 A.2d 1280, 1282 (1978). See also: *Esso Standard Oil Co. v. Taylor*, 399 Pa. 324, 329, 159 A.2d 692, 695 (1960); *McKay v. Beatty*, 348 Pa. 286, 286–287, 35 A.2d 264, 265 (1944); *Haney v. Sabia*, 59 Pa.Cmwlth. 123, 127, 428 A.2d 1041, 1043 (1981); *Lewis v. Erie Insurance Exchange*, 281 Pa.Super. 193, 199, 421 A.2d 1214, 1217 (1980); *Briga v. Ken-Tuck Signs, Inc.*, 279 Pa.Super. 537, 538–539, 421 A.2d 329, 330 (1980); *General Mills, Inc. v. Snavely*, 203 Pa.Super. 162, 167, 199 A.2d 540, 543 (1964). "[T]here is abundant authority in support of the view that rules of court are but a means to accomplish the ends of justice, and that the court has the power to modify, suspend, or rescind its own rules whenever justice requires it and no party is prejudiced thereby." *Werts v. Luzerne Borough Authority*, 15 Pa.Cmwlth. 631, 634, 329 A.2d 335, 336 (1974). See also: Pa.R.A.P. 105;[6] Pa.R.C.P. 248.[7]

Thus, "[i]n certain cases, justice may require that courts permit litigants an opportunity to mold their positions to

**6.** Pa.R.A.P. 105 provides:

(a) **Liberal construction and modification of rules.** These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

(b) **Enlargement of time.** An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

**7.** Pa.R.C.P. 248 provides:

**Rule 248. Modification of Time**

The time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court.

meet *changes in or clarification of the law that occur during the pendency of appellate proceedings." Jones v. State Automobile Insurance Association, supra* 309 Pa. Super. at 483, 455 A.2d at 713 (emphasis supplied). The appellant in *Jones* had commenced an action for no-fault benefits by petition and rule prior to this Court's decision in *Floczak v. National Mutual Insurance Company,* 289 Pa.Super. 438, 433 A.2d 885 (1981). The petition was dismissed and appellant filed an appeal in this Court without first filing exceptions to the order in the court below. This Court, recognizing the considerable confusion that existed prior to the decision in *Floczak* and the absence of any *express* rule of civil procedure requiring exceptions to be filed to an order dismissing a petition, remanded the case for the filing of exceptions nunc pro tunc. Indeed, it has always been within the discretion of a court "to allow exceptions under Rule 1038(d) to be filed out of time in a case where the particular circumstances indicate that there are good and sufficient reasons for so doing." *E.J. McAleer & Co., Inc. v. Iceland Products, Inc.,* 475 Pa. 610, 614, 381 A.2d 441, 443 (1977) (footnote omitted). Accord: *Builders of Sanitary Sewers, Inc. v. Tamaqua Borough Authority,* 307 Pa.Super. 459, 462, 453 A.2d 674, 676 (1982). Cf. *Stokes v. Thiemann,* 296 Pa.Super. 112, 442 A.2d 322 (1982).

We are able to discern no valid reason for refusing to apply the rationale of these precedents to the instant case. On July 30, 1979, when the final support order was entered, there had been no judicial pronouncement which specifically required the filing of exceptions to a final order of support. Moreover, prior decisions had held unequivocally that proper practice did not permit the filing of exceptions to a support order before taking an appeal therefrom. *Commonwealth v. McAlaine, supra.* The opinion in *Paul v. Paul, supra,* was not filed until September 19, 1980, more than a year after the order appealed from in the instant case. Whether *Paul v. Paul, supra,* changed procedural law or merely interpreted the Act of April 28, 1978 may be

left for future scholars to debate. In fact, it was the first judicial pronouncement that exceptions would be required before appeals would be accepted from support orders. It was a procedural requirement which lasted less than three years before it was abrogated expressly by Supreme Court rule.

The appeal in the instant case was filed at least a year prior to the *Paul* decision. It has raised issues of difficulty and complexity. To refuse to hear it is to foreclose forever appellate review of an order which requires appellant to support a son who, according to the evidence, is not his and a wife who, by deduction from the evidence, has been guilty of adultery. One can imagine very few situations in which fairness and justice cry out more loudly for leave to file exceptions nunc pro tunc than the facts of the instant case.

Therefore, the case is remanded to the trial court to permit appellant, within ten days after notice of the filing of this decision, to file exceptions nunc pro tunc to the support order of July 30, 1979. Jurisdiction is not retained. The appeal from the order directing that judgment be entered for arrearages is quashed.