460 A.2d 1195

**Bernadette ZIMMERMAN**

v.

**Frederick ZIMMERMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 19, 1982.

Filed May 27, 1983.

Joseph J. Carlin, Philadelphia, for appellant.

Bernard E. Zbrzeznj, Philadelphia, for appellee.

Before WIEAND, BECK and MONTEMURO, JJ.

PER CURIAM:

Appellant, Frederick Zimmerman, and appellee, Bernadette Zimmerman are divorced and a support order was entered on July 7, 1978 against appellant in the amount of $45.00 per week. Appellee filed on July 7, 1981 a petition for an increase in support for their son, Frederick Zimmerman, who was twelve-years-old at the time of that petition. On that date, the lower court increased the support order to $120.00 per week.

No exceptions were filed to that July 7, 1981 order modifying support, and this Court has held previously that such failure constitutes a waiver of objections to that order.[1] E.g., Commonwealth ex rel. White v. White, 303 Pa.Super. 329, 449 A.2d 712 (1982); Paul v. Paul, 281 Pa.Super. 202, 421 A.2d 1219 (1980). The docket entry for July 7, 1981, however, does not indicate that notice of entry of the order modifying support was mailed as required by Pa.R.C.P. Nos. 236 and 1038(c), and in such a case, we will not find appellant's objections to be waived.

Accordingly, we remand for the filing of exceptions nunc pro tunc. Jurisdiction is relinquished.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

For reasons appearing in Nixon v. Nixon, 312 Pa.Super. 313, 458 A.2d 976 (1983), I concur in the decision to remand for the filing of exceptions nunc pro tunc.

---

1. We note that Pa.R.C.P. No. 1910.11(k), effective July 22, 1981, provides that "[n]o exceptions may be filed to the final order of support." That rule, of course, does not control this matter as the entry of the July 7, 1981 order preceded the above effective date.