469 A.2d 261

### COMMONWEALTH of Pennsylvania

v.

### David James ROY, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 22, 1983.

Filed Dec. 23, 1983.

D. Melenyzer, Charleroi, for appellant.

Bradley M. Bassi, Charleroi, for Commonwealth, appellee.

Before SPAETH, BROSKY and JOHNSON, JJ.

BROSKY, Judge:

Appellee commenced this action seeking support for her son, born November 26, 1979. She alleged below that appellant, to whom she has never been married, is the father of her child. In November and December, 1980, hearings were held on the paternity issue as a result of which the lower court determined that appellant is the child's father. The Court entered the support order from which this appeal was taken on December 15, 1980. This appeal followed. Appellant argues that he was improperly denied the right to jury trial and that the finding of paterni-

ty was not supported by sufficient evidence. For the reasons that follow, we affirm.

■ We note initially that appellant has waived the sufficiency of the evidence issue. This action, which was commenced by complaint dated January 7, 1980, is governed by the support proceedings statute found at 42 Pa.C.S.A. § 6701 et seq. Section 6704 of that title relates to the commencement of support actions. At the time of the proceedings below, the official note to section 6704 provided that in construing section 6704, certain subsections of the Act of April 28, 1978 were to be given effect. The relevant subsection (f) provided in part:

(f) An action commenced under this act shall be a civil action in accordance with the Rules of Civil Procedure. . . .

(Presently see 42 Pa.C.S.A. § 6704(f)).

Pa.R.C.P. 1038 states with respect to trials conducted without juries (as was the present trial):

(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. . . .

No exceptions were filed in this case. The issue as to sufficiency of the evidence has therefore been waived. See *Paul v. Paul,* 281 Pa.Super. 202, 210 n. 11, 421 A.2d 1219, 1223 n. 11 (1980); *Commonwealth ex rel. White v. White,* 303 Pa.Super. 329, 449 A.2d 712 (1982). See also *Commonwealth ex rel. Nixon v. Nixon,* 312 Pa.Super. 313, 458 A.2d 976 (1983).[1] As to current procedure see Pa.R.C.P. 1910.15 and Pa.R.C.P. 227.1 to 227.4 (effective January 1, 1984).

---

**1.** We note that unlike the situation in *Nixon,* the support order in the instant case was entered three months after the opinion in *Paul v.*

Appellant also argues that he was improperly denied the right to jury trial. Although this claim was not raised in exceptions, we will nonetheless discuss it. In *Yudacufski v. Commonwealth,* 499 Pa. 605, 454 A.2d 923 (1982), our Supreme Court indicated that the question of whether exceptions must be raised to preserve pre-trial rulings is unsettled. See *id.,* 499 Pa. at 609 n. 6, 454 A.2d at 925 n. 6. In *Yudacufski,* the court considered the merits of a challenge to a venue ruling that had been made pre-trial, although no post-trial motion alleging the error was made. The court said at n. 6 that it would refer to the Civil Procedure Rules Committee the question of whether exceptions must be made to pretrial rulings. Pending a decision on the question, we would prefer to err on the side of caution, giving appellant an opportunity to raise before us the jury trial issue.

■ As was noted earlier in this opinion, paternity actions are governed by the Rules of Civil Procedure. 42 Pa.C.S.A. § 6704 quoted in part earlier, continues

... Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be by the court without a jury unless either party demands trial by jury.

Pa.R.C.P. 1007.1(a) in effect in 1980, provides that civil trials will be non-jury unless written demand for jury trial is filed within 20 days after service of the last permissible pleading. The only pleading shown on the docket sheet indicates that it was filed on January 7, 1980.

■ Appellant has included in a reproduced record copies of both a demand for jury trial dated August 13, 1980 and a notice of the right to jury trial dated February 4, 1980. Neither of these documents is included in the original record and they therefore should not have been made part of the reproduced record. See *Auman v. Juchniewitz,* 312 Pa.Super. 98, 458 A.2d 254 (1983).

*Paul, supra* was filed. Therefore, we have concluded that it would be inappropriate to remand this case for the filing of exceptions *nunc pro tunc,* as was done in *Nixon.*

The only mention of the request for jury trial that is of record is contained in the recorded transcript of the November 24, 1980 hearing at which time appellant's counsel stated that he had made the request in August.

■ At the time of these proceedings, the Domestic Relations Office of Washington County had a policy of hearing paternity actions non-jury unless a request for jury trial was made within ten days of notice of that rule. Pa.R.C.P. 1910.28 presently includes such a ten-day limitation in its standard form of notice of right to trial on issues of paternity, but this rule was promulgated after the relevant time period in this case.

Even assuming *arguendo* that a request for jury trial was presented to the court on August 13, 1980, it was clearly untimely.

Order affirmed.