224

465 A.2d 1311

Ernestine **ELLISON**

·v.

**Moorey GREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1983.
Filed Sept. 23, 1983.

Michael D. Fioretti, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

Appellant appeals from the Order of June 16, 1980 requiring him to pay child support in the amount of $37.50 per week plus $10 per week arrearages.

The procedural history indicates that Appellee originally filed a complaint for support in August of 1970 concerning her child born August 6, 1970. That complaint was withdrawn without prejudice in February of 1974. The complaint was reinstated in September of 1974 and ultimately dismissed in April of 1975 pursuant to Appellant's petition to dismiss the action as barred by the then applicable two year criminal statute of limitations regarding prosecutions for support of children born out of wedlock, 18 Pa.C.S.A. § 4323(b).[1]

Appellee filed the instant action on February 27, 1979 under the new civil paternity and support statute, 42 Pa.C.S.A. § 6704 *et seq.* Appellant again filed a petition to dismiss based on the former criminal statute of limitations, which was denied. Following a civil nonjury trial, Appellant was determined to be the child's father and the support order was subsequently entered. No exceptions to these orders were filed.

This failure to file exceptions precludes review of the merits of the case. The law is now settled that an action brought under 42 Pa.C.S.A. § 6704 prior to the enactment of Pa.R.C.P. 1910.1–.31, effective July 22, 1981, requires exceptions to be filed to preserve objections for appeal.[2] *See Commonwealth ex rel. White v. White*, 303 Pa.Super. 329, 449 A.2d 712 (1982), *Commonwealth v. Bankert*, 295 Pa.Super. 423, 441 A.2d 1304 (1982); *Paul v. Paul*, 281 Pa.Super. 202, 210 n. 11, 421 A.2d 1219, 1223 n. 11 (1980).

Order affirmed.

1. During the pendency of the original complaint, the procedure for obtaining a child support order for a child born out of wedlock was to initiate an action under 18 Pa.C.S.A. § 4323, Neglect to Support Bastard, within two years of the child's birth, unless the reputed father had acknowledged paternity or voluntarily contributed support. A civil support action could be instituted afterwards if paternity was proven. This section was repealed in 1978 and replaced by 42 Pa.C.S.A. § 6704 *et seq.*

2. Pa.R.C.P. 1910.12(g) now states that no exceptions may be filed to final support orders.