455 A.2d 708

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Carmen DORANZO.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1982.

Filed Jan. 28, 1983.

Mark Stuart Gurevitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Lenard H. Sigal, Philadelphia, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal by the Commonwealth from an order granting a petition to return property. The record is too

incomplete to permit a sensible decision. The order will therefore be reversed and the case remanded for a new hearing, so that a proper record may be made.

In its brief the Commonwealth asserts that it "present[ed] strong evidence which compels the inference that the hundreds of items stored by this admitted fence [appellee] were stolen and, therefore, constitute contraband ...." Reply Brief for Commonwealth at 3.

Two detectives testified at the hearing. Detective Thomas Chisholm said that "a jewelry box containing numerous jewelry items" was taken from appellee's residence at 8217 Stenton Avenue. N.T. 8. Asked to estimate how many items, the detective replied, "40 to 50 pieces." N.T. 9. The detective said that he also found a gun in the bedroom, N.T. 11, and "assorted" men's and women's watches, N.T. 13, although apparently the watches were not additional items but among those in the jewelry box, N.T. 13–14. Detective Andrew Brown said that "[n]umerous items, jewelry, televisions, stereos, clocks, lamps, numbers paraphernalia" were found "in the basement of the building" [a two-story building at 22nd and Allegheny]. N.T. 20–21. He also said that "[c]locks, silver, jewelry, drills, power tools, art work, tables, lamps, clothing" were found in a house at 3624 Stanton Street. N.T. 21. The detective also indicated that items were found at 6705 Ridge Avenue, "[t]hroughout the building," N.T. 20, but he was not asked, and did not say, what the items were.

While Detective Chisholm was on the stand, the assistant district attorney asked that "C—One [be marked] for identification," the detective then identifying it as "the property receipt with the jewelry taken from [appellee's] residence." N.T. 14. The assistant district attorney also asked that "C–Two [be marked];" asked to identify it, the detective replied:

Q. I show you what has been marked as Exhibit C–Two for identification and ask you what those [sic] are.

A. They are other property receipts, 747313. [Were there receipts besides No. 747313?]

Q. And what is that property receipt?

A. It's a Smith and Wesson revolver, serial number 73818.

Q. Are there any other numbers on that property receipt?

A. Also numerous other weapons.

N.T. 14.

The assistant district attorney never offered either Exhibit C–1 or Exhibit C–2 into evidence.

The Commonwealth has included as part of the "Reproduced Record" some thirty odd pages of what appear to be property receipts, in order, Nos. 747323, 747313, 747314, 747315, 747316, 747318, 747320, 747324, 747321, 747322, 747319, and 747312. None of these, however, is marked as either Exhibit C–1 or Exhibit C–2. It seems likely that Property Receipt No. 747323 is the receipt referred to by Detective Chisholm as the receipt for the jewelry taken from appellee's residence, for it lists numerous items of jewelry as having been found at 8217 Stenton Avenue. Also, Property Receipt No. 747313 is as the detective described it.

Counsel for appellee argues that the Commonwealth's assertion in its brief, that "hundreds of items" had been taken from appellee's premises, is unsupported by the record. This argument is misleading. It is true that the assistant district attorney never offered either Exhibit C–1 or Exhibit C–2 into evidence, and that the relationship between the detectives' testimony and the property receipts reproduced by the Commonwealth is, to say the least, incompletely disclosed by the record. However, at the end of the hearing, the following colloquy occurred:

MR. SIGAL [counsel for appellee]: I would merely seek leave, Your Honor, to introduce into evidence all of the property receipts issued in connection with this case.

MR. GORDON [the assistant district attorney]: Absolutely.

MR. SIGAL: And to make it perfectly clear, judge, in order to do away with mountains of paper work, the

items that were returned to other people are listed in these property receipts. Your Honor, we are only seeking any items that are currently in possession of the Philadelphia Police Department and are not seeking the return of any items that were returned to their owners.

MR. GORDON: I am not certain what property receipts were issued for the items that were returned.

MR. SIGAL: I'm not either and I'm just trying, there are hundreds and hundreds and hundreds and we want to make a statement for the record and I am seeking those articles which are in ___

THE COURT: A brief from you and a brief from you. [So far as appears, the court never ruled on the admissibility of the property receipts "introduce[d]" by counsel for appellee.]

MR. SIGAL: Fine, judge.

THE COURT: And we will take this under advisement until July 29th.

N.T. 25–26.

This statement made nothing "perfectly clear." What are "all of the property receipts issued in connection with this case?" Do they include the receipts reproduced by the Commonwealth? What are "the items that were returned to other people," and where are those items "listed in these property receipts?" And finally, what are "[the] items that are currently in possession of the Philadelphia Police Department?"

The Commonwealth argues that appellee's "possession of all of these more than eight hundred (800) articles has been directly linked to his admitted illegal activity as a 'fence'." Brief for Commonwealth at 13. We cannot accept this argument, for the record doesn't support it. However, given appellee's counsel's "introduc[tion] into evidence [of] all of the property receipts issued in connection with this case," neither can we accept appellee's argument that his petition to return property should be granted. For even though the record has been carelessly developed, we think it quite possible that the items in question—whatever those

items are—are not items of which appellee "is entitled to [the] lawful possession." Pa.R.Crim.P. 324(a). We shall therefore remand so that a new hearing on the petition may be held, and a proper record made.

The order of the lower court is reversed, and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.