511 A.2d 871

**COMMONWEALTH of Pennsylvania**

**v.**

**$15,836.85—CASH.**

**Appeal of Joseph Lee MATTOX, Appellant.**

Superior Court of Pennsylvania.

Argued May 21, 1986.

Filed July 11, 1986.

280

Allen H. Smith, York, for appellant.

Tyann Miller, York, for Commonwealth, appellee.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

HESTER, Judge:

This is an appeal from an order forfeiting the sum of $15,836.85 to the Commonwealth pursuant to the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), 35 P.S. § 780–101 *et seq.*, and refusing appellant's motion for

return of the money pursuant to Pa.R.Crim.P. 324. We affirm the order of forfeiture.

Appellant's residence was searched on December 14, 1983, pursuant to a valid warrant. In addition to approximately two pounds of marijuana and paraphernalia such as balance scales, police officers seized over $15,000 found in three bank bags and a cash register. The Commonwealth applied for forfeiture of the cash, appellant applied for its return and a hearing was held on August 6, 1985.

The Commonwealth presented evidence through William Resh, an informant, that appellant claimed to earn $15,000 from construction work and three times that amount, or $50,000, from illegal drug dealing. N.T., 7/6/85, at 3–4. The state trooper who executed the search warrant and arrested appellant testified that, in his opinion based on the search, there was a marijuana distribution operation in progress. *Id.*, at 26. Appellant testified that the confiscated money belonged to his mother who gave it to him for safekeeping. *Id.* at 32–35, 37–40. Based on that evidence, the court ordered the forfeiture of the cash, finding it to be proceeds derived from the sale of a controlled substance in violation of the Drug Act and therefore subject to forfeiture. Slip op., 10/16/85, at 6–7.

■ Appellant argues that the court erred in failing to return his funds (1) by applying the wrong forfeiture statute, and (2) in considering subsequent conduct of appellant.

A year after seizure of appellant's cash, the Drug Act was amended to add the following subsection, permitting forfeiture of:

(6)(i) Consideration as follows:

(A) Money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this act.

(B) Proceeds traceable to such an exchange.

(C) Money, negotiable instruments and securities used or intended to be used to facilitate any violation of this act.

(D) Real property, including things growing on, affixed to and found in the land.

(ii) No property shall be forfeited under this clause, to the extent of the interest of an owner, by reason of any act or omission established by the owner to have been committed or omitted without the knowledge or consent of that owner. Such money and negotiable instruments found in close proximity to controlled substances possessed in violation of this act shall be rebuttably presumed to be proceeds derived from the selling of a controlled substance in violation of this act.

35 P.S. § 780–128(a)(6). It is appellant's contention that the trial court erroneously applied the amendment to a seizure which occurred prior to its enactment.

We agree that § 780–128(a)(6) cannot apply to a seizure which occurred before the statute was amended. Nevertheless, it is not clear that the court relied on the statute despite the fact that the court quoted the new subsection. Slip op., 10/16/85, at 5. Until § 780–128(a)(6) was added to the Drug Act in 1984, cash proceeds of illegal drug transactions were treated as derivative contraband and were forfeitable under common law principles explicated in cases such as *Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976) and *Commonwealth v. 1978 Toyota*, 321 Pa.Super. 549, 468 A.2d 1125 (1983). The court cited these cases and correctly applied them in its analysis of the evidence produced at the August 6, 1985 hearing. Slip op., 10/16/85, at 5–7.

▮▮▮ The 1984 amendment of the Drug Act altered the common law in one important respect: it created a rebuttable presumption that money found in close proximity to illegal drugs is money derived from illegal drug sales. With or without the presumption, however, the Commonwealth must prove by a preponderance of the evidence that the money was derived from illegal drug transactions.

*Commonwealth v. Landy, supra; Commonwealth v. Myers,* 298 Pa.Super. 272, 444 A.2d 1170 (1982). It is this standard that the trial court applied. Slip op., 10/16/85, at 5. We must determine, therefore, whether the record supports the trial court's finding that the money was forfeitable under this standard.

Appellant's second argument is that the court erred in considering evidence of appellant's conduct subsequent to the seizure in order to determine that the cash in question was derived from the sale of drugs. The argument rests on the confusion of Commonwealth witness Resh as to dates of various transactions and conversations. *See* N.T., 7/6/85, at 3–4, 7–8, 16.

On the other hand, the record contains sufficient evidence to support the finding, based on a preponderance of the evidence, that the confiscated money was derived from illicit drug transactions. Nothing in the trial court's opinion indicates reliance on events which took place after the search and seizure on December 14, 1983. Resh testified to numerous drug sales prior to that date, *id.* at 10–12; his testimony as to appellant's admission of making $50,000 from selling marijuana, *id.* at 3–4, 7, 16, can best be understood as relating back to appellant's profits in 1983. The trial court did not credit appellant's testimony that the cash belonged to his mother, and we do not perceive any error in this credibility determination. It is axiomatic that "findings of fact by a trial judge are accorded the same weight as a jury verdict and our scope of review is limited to examining whether the findings are supported by competent evidence." *Jenks v. Avco Corp.,* 340 Pa.Super. 542, 547, 490 A.2d 912, 915 (1985). After carefully reviewing the entire record, we hold the judge's findings to be so supported.

Order affirmed.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby and adjudged by this Court that the order of the Court of Common Pleas of York County is affirmed.