## Commonwealth v. Flenory

*Maria Greco Danaher, assistant district attorney,* for the commonwealth.
*Duke George Jr.,* for defendant.

HUDOCK, *J.*, June 28, 1989 — This matter is before the court on a petition for forfeiture of U.S. currency in the amount of $7,992 pursuant to 42 Pa.C.S.§6801 et seq.

The facts are that on November 5, 1988 defendant was arrested on charges of recklessly endangering another person, simple assault and terroristic threats at B.J.'s Bar in New Kensington. After his arrest, defendant was patted down and in his right front pocket there was found the money in question. No contraband was found on defendant's person. A vehicle registered to another person, but which defendant had been known to drive, was parked in the vicinity of the arrest and it was illegally parked. The police found, in plain view, a hemostat clip and suspected marijuana "roach" in the dashboard ashtray. The vehicle was towed to an impound area, a search warrant obtained, and the subsequent search produced from the vehicle "E-Z Wider" cigarette papers, a baggie containing what turned out to be a small quantity of marijuana, and a number of other "roaches." In the car were also found utility bills directed to defendant. After his arrest defendant was asked about the money confiscated from his person and defendant first stated that the money came from an accident settlement he had concluded with an insurance company, and then later said that he got the money from his father. At the hearing, defendant testified that the money found on his person was a combination of the proceeds of the accident settlement and money given to him by his father for teeth

implants. There was no evidence that defendant was dealing in drugs, either by way of an informant's tip, surveillance, or any other source.

The commonwealth contends that pursuant to section 6801(a)(6)(i)(B) the money is subject to forfeiture because it was used or intended to be used to facilitate a violation of the Controlled Substance, Drug, Device and Cosmetic Act. To prove the actual or intended use of the money the commonwealth relies upon section 6801(a)(6)(ii) which provides that a rebuttable presumption arises where money is found "in close proximity to controlled substances possessed in violation of the Controlled Substance, Drug, Device and Cosmetic Act" and the presumption which so arises is that the proceeds were derived from the selling of a controlled substance in violation of the act.

Defendant contends, inter alia, that there is no proof that the vehicle in which the contraband was found was his vehicle or that he had actual or constructive possession of it, that the money was not found "in close proximity" to the contraband, and that even if it were his vehicle and the money was found in proximity to the contraband, the presumption that arises pursuant to the above-cited statute is a rebuttable one, and that the evidence in the case rebuts the presumption that the money was connected with illegal drug sales.

The commonwealth must prove by a preponderance of the evidence that the money was derived from illegal drug transactions, with or without the presumption created by the 1984 amendment of the Drug Act. *Commonwealth v. $15,836.85 Cash,* 354 Pa. Super. 279, 511 A.2d 871 (1986). The only evidence in this case of illegal drug activity, taking the evidence in the light most favorable to the commonwealth, is that marijuana and parapherna-

lia to use it were found in the vehicle. There is no other evidence that defendant was seen dealing in drugs, that any informant had provided such information, or that any other facts connect the money to the contraband. The small quantity of marijuana, the cigarette paper and the "roaches" are more consistent with personal use than sale, and the evidence convinces this court that the contraband was for personal use. That being the case, the presumption that the money represented proceeds derived from the selling of a controlled substance is rebutted by the court's conclusion that the contraband was for personal use of defendant. There being no other evidence to connect the money with illegal drug sales, defendant must prevail.

## ORDER OF COURT

And now, June 28, 1989, the petition for forfeiture of $7,992 is hereby denied and the said money shall be returned to defendant forthwith.