J-S82043-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 344 EDA 2018 |

Appeal from the Order December 14, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0303741-1992

BEFORE:    LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 07, 2019**

Raymond Williams (Appellant) *pro se* appeals from the December 14, 2017 order denying his motion for modification of sentence *nunc pro tunc*. Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

While the record before us is wholly incomplete,[1] we were able to glean the following factual and procedural history. On January 17, 1992,

_____

[1] It appears that Appellant's case file was missing from the Office of Judicial Records File Room, and therefore the lower court filed the reconstructed record before us with whatever documentation it could find. Philadelphia Court of Common Pleas Appeals Unit Letter, 6/4/2018. Unfortunately, the reconstructed record does not contain any documents that predate Appellant's April 15, 2014 motion for modification of sentence. Further, it appears that the court has thus far been unsuccessful in locating Appellant's original record. ***Id.*** ("When the original record is located it will be Pacfiled [*sic*] to the appellate court to include any omitted documents.").

_____

*Retired Senior Judge assigned to the Superior Court.

after arguing with Devon Thomas and Andrew Cohn at the 6151 Bar in the City of Philadelphia, Appellant shot Thomas in the neck at point blank range, killing him. ***Commonwealth v. Williams***, 643 A.2d 710 (Pa. Super. 1994) (unpublished memorandum at 1-2, 6). On January 13, 1993, Appellant was convicted following a nonjury trial of first-degree murder and possessing an instrument of crime and was sentenced to life imprisonment. On appeal, this Court affirmed Appellant's judgment of sentence. ***Id.***

The docket does not have any case information following Appellant's sentencing until a September 15, 2010 *pro se* motion for modification of sentence *nunc pro tunc*. The trial court denied the motion on October 22, 2010. The docket next indicates that Appellant filed an appeal to this Court, which was subsequently discontinued at his request on June 27, 2011.

Thereafter, Appellant filed the instant motion for modification of sentence *nunc pro tunc* on April 15, 2014. Therein, Appellant alleges that his sentence is illegal because it does not contain a minimum sentence. The lower court denied the motion for lack of jurisdiction on December 14, 2017, because the motion was filed more than 30 days after Appellant's sentencing. This timely-filed appeal followed.[2] Both Appellant and the lower court complied with Pa.R.A.P. 1925.

---

[2] An appellant must file a notice of appeal within 30 days of the order appealed from. Thirty days after December 14, 2017 was Saturday, January 13, 2018, followed by Sunday, January 14, 2018, and Monday, January 15,
*(Footnote Continued Next Page)*

Based upon our review, we conclude that the lower court erred when it failed to treat Appellant's April 15, 2014 motion challenging the legality of Appellant's sentence as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that the "legality of sentence is always subject to review within the PCRA," although "claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

While in certain circumstances we may still affirm the lower court's order on an alternative basis, we decline to do so here. Appellant's April 15, 2014 motion is patently untimely, and likely will be dismissed on that basis upon remand. However, it is unclear from the record whether this was Appellant's first PCRA petition, thereby entitling Appellant to the appointment of counsel.[3] *See Commonwealth v. Ramos*, 14 A.3d 894 (Pa. Super. 2011) (holding that pursuant to Pa.R.Crim.P. 904(C), indigent

*(Footnote Continued)* ———————————

2018, which was Martin Luther King, Jr., Day, a national holiday. Thus, Appellant timely filed his notice of appeal on Tuesday, January 16, 2018. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[3] Although Appellant has not specifically raised an issue regarding his lack of PCRA counsel, we observe that we may do so *sua sponte. See Commonwealth v. Stossel,* 17 A.3d 1286, 1290 (Pa. Super. 2011) (discussing the right of the Superior Court to address an appellant's lack of counsel *sua sponte* in PCRA matter).

first-time PCRA petitioners are entitled to the appointment of counsel, even if their petitions appear untimely filed or they do not appear eligible for relief due to the expiration of their sentences).

We note Appellant's September 15, 2010 motion should have been treated as a PCRA petition, rendering the instant motion a subsequent petition. However, the record does not indicate that the court treated the 2010 motion as such. Rather, it denied the motion approximately one month later, and there is no indication that it did so under the dictates of the PCRA. It is also possible that Appellant filed a PCRA petition sometime between 1994, when this Court affirmed his judgment of sentence, and the 2010 motion. However, based on the record before us, we cannot answer that question and cannot ascertain whether this is Appellant's first PCRA petition. *See Commonwealth v. Doranzo*, 455 A.2d 708, 708 (Pa. Super. 1983) ("The record is too incomplete to permit a sensible decision.").

Additionally, the lower court has acknowledged that it should have treated Appellant's 2014 motion as a PCRA petition and specifically requested that this Court remand for the lower court to remedy that error. Pa.R.A.P. 1925(a) Opinion, 3/22/2018, at 1, 4-6.

Accordingly, we remand to the lower court to proceed under the dictates of the PCRA regarding Appellant's April 15, 2014 motion, and to determine whether Appellant is entitled to the appointment of counsel.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/7/19